**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION**

C. ENTERPRISES, INC., and DEBORAH   )
M. COPELAND,                         )
                                     )
                Plaintiffs,          )
                                     )       No. 2:19-cv-03251-DCN
        vs.                          )
                                     )       **ORDER**
DAVID SATTERFIELD, and ADT, INC.     )
d/b/a ADT, LLC,                      )
                Defendants.          )
                                     )
_____    )

The following matter is before the court on defendants David Satterfield

("Satterfield"), and ADT, Inc. d/b/a ADT, LLC's ("ADT") (collectively "defendants")

partial motion to dismiss Satterfield pursuant to Rule 12(b)(6) of the Federal Rules of

Civil Procedure, ECF No. 12.  For the reasons set forth below, the court grants

defendants' partial motion to dismiss.

## I.  BACKGROUND

C. Enterprises, Inc. and Deborah M. Copeland (collectively, "plaintiffs") entered

into a contract with ADT install an upgraded security for plaintiffs' business.  ECF 1-3 at

2.  Satterfield was the service provider for ADT who was tasked with installing the

upgraded security system for plaintiffs.  While having access to plaintiffs' office to install

the security measures, Satterfield obtained unauthorized access to plaintiffs' corporate

bank account.  From March 27, 2017 until March 15, 2019, Satterfield used the

unauthorized access to plaintiffs' corporate bank account to pay for various personal

expenses.  Upon learning of Satterfield's utilization of plaintiffs' bank account, plaintiffs

filed a Summons and Complaint against Satterfield on March 15, 2019 ("March 15

Summons"). Satterfield was properly served with the March 15 Summons on May 8, 2019. Satterfield did not answer the March 15 Summons and was found in default by Judge Young of the South Carolina state court on June 12, 2019.

On August 12, 2019, Judge Jennifer B. McCoy entered a default judgement ("Default Judgment") against Satterfield in favor of plaintiffs. ECF 1-3 at 1–4. The Default Judgment held that plaintiff demonstrated by a preponderance of the evidence that Satterfield did convert plaintiff's funds to his own personal use without authority and awarded $18,271.49 of actual damages to plaintiffs. Id. at 3. The Default Judgment also found, by clear and convincing evidence, that Satterfield's actions were willful, wanton, and malicious, and ordered an award of $81,728.51 in punitive damages to plaintiffs. On October 28, 2019, plaintiffs brought a complaint against defendants in the Court of Common Pleas for the Ninth Judicial Circuit ("State court action"). ECF No. 1-1. The State court action alleges conversion against Satterfield and alleges respondeat superior, negligent supervising of Satterfield, negligent misrepresentation, breach of contract, breach of contract accompanied by a fraudulent act, reckless infliction of emotional distress, and intentional infliction of emotional distress against ADT.

On November 18, 2019, plaintiffs filed a notice of removal of the State court action pursuant to 28 U.S.C. § 1446(d) and Local Rule 83.IV.01. ECF No. 1. On January 22, 2020, defendants filed a partial motion to dismiss. ECF No. 12. On January 23, 2020, plaintiffs responded to the partial motion to dismiss, ECF No. 13, to which defendants replied on January 30, 2020, ECF No. 14. The motion has been fully briefed and is now ripe for the court's review.

## II. STANDARD

A Rule 12(b)(6) motion for failure to state a claim upon which relief can be granted "challenges the legal sufficiency of a complaint." Francis v. Giacomelli, 588 F.3d 186, 192 (4th Cir. 2009) (citations omitted); see also Republican Party of N.C. v. Martin, 980 F.2d 943, 952 (4th Cir. 1992) ("A motion to dismiss under Rule 12(b)(6) . . . does not resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses."). To be legally sufficient, a pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). A Rule 12(b)(6) motion should not be granted unless it appears certain that the plaintiff can prove no set of facts that would support his claim and would entitle him to relief. Mylan Labs., Inc. v. Matkari, 7 F.3d 1130, 1134 (4th Cir. 1993). When considering a Rule 12(b)(6) motion, the court should accept all well-pleaded allegations as true and should view the complaint in a light most favorable to the plaintiff. Ostrzenski v. Seigel, 177 F.3d 245, 251 (4th Cir. 1999); Mylan Labs., Inc., 7 F.3d at 1134. "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id.

### III.   DISCUSSION

#### A.  Fraudulent Joinder

ADT argues Satterfield's presence in this action constitutes an unnecessary obstacle to what is otherwise proper diversity jurisdiction.  ECF No. 12 at 2.  ADT contends that because plaintiffs have already received the Default Judgment against Satterfield, there is no possibility that plaintiffs would be able to establish a claim against Satterfield, and therefore, the court should dismiss Satterfield from this action pursuant to the fraudulent joinder doctrine.  Id.  The doctrine of fraudulent joinder allows a district court to disregard the citizenship of certain non-diverse defendants, dismiss those non-diverse defendants, and assume jurisdiction.  Johnson v. American Towers, LLC, 781 F.3d 693, 704 (4th Cir. 2015); Barlow v. Colgate Palmolive Co., 772 F.3d 1001, 1004 n. 2 (4th Cir. 2014); Mayes v. Rapoport, 198 F.3d 457, 461 (4th Cir. 1999).  However, even where fraudulent joinder of a non-diverse defendant is alleged, the party seeking removal still bears the "heavy" burden of establishing jurisdiction.  Johnson, 781 F.3d at 704 ("The party alleging fraudulent joinder bears a heavy burden — it must show that the plaintiff cannot establish a claim even after resolving all issues of law and fact in the plaintiff's favor.") (quoting Hartley v. CSX Transp., Inc., 187 F.3d 422, 424 (4th Cir. 1999)).

To establish that a non-diverse defendant has been fraudulently joined, the removing party must establish either: (1) "that there is no possibility that the plaintiff would be able to establish a cause of action against the in-state defendant in state court;" or (2) "that there has been outright fraud in the plaintiff's pleading of jurisdictional facts."  Barlow, 772 F.3d at 1004, n. 2 (quoting Turner v. JP Morgan Chase Bank, N.A.,

543 Fed.App'x. 300, 301 (4th Cir. 2013) (per curiam)). Defendants have not argued that

there has been outright fraud in the plaintiffs' pleading of jurisdictional facts; therefore,

in order to show fraudulent joinder, defendants must show that "there is no possibility

that the [plaintiffs] would be able to establish a cause of action against [Satterfield] in

state court." Marshall v. Manville Sales Corp., 6 F.3d 229, 232 (4th Cir. 1993). The

Fourth Circuit has emphasized that the standard heavily favors the plaintiff, "who must

show only a 'glimmer of hope' of succeeding against the non-diverse defendants."

Johnson, 781 F.3d at 704 (quoting Mayes, 198 F.3d at 466). The standard is "even more

favorable to the plaintiff than the standard for ruling on a motion to dismiss under Fed. R.

Civ. P. 12(b)(6)." Hartley v. CSX Transport, Inc., 187 F.3d 422, 424 (4th Cir. 1999). In

fact, "'there need be only a slight possibility of a right to relief' to defeat a claim of

fraudulent joinder." Mayes, 198 F.3d at 464 (quoting Hartley, 187 F.3d at 426). In

evaluating whether an attempted joinder is fraudulent, a court is not bound by the

allegations of the complaint but can "consider the entire record and determine the basis of

joinder by any means available." Id.

Even under this rigorous standard, the court concludes that plaintiffs have no

possibility of succeeding against Satterfield. Other than the claim of conversion, the

plaintiffs have brought no causes of action against Satterfield. ECF No. 1-1 at 4–5. The

claim of conversion against Satterfield is based on the same allegations of fact as the

Default Judgment. Compare ECF No. 1-1 at 1–5 with ECF No. 1-3. Under South

Carolina law, "a person cannot be sued twice for the same cause of action" under the

doctrine of res judicata. Yelsen Land Co. v. State, 723 S.E.2d 592, 596 (S.C.

2012) (citation and quotation marks omitted); see also Semtek Int'l Inc. v. Lockheed

Martin Corp., 531 U.S. 497, 508 (2001) ("[I]ndeed, nationwide uniformity in the substance of the matter is better served by having the same claim-preclusive rule (the state rule) apply whether the dismissal has been ordered by a state or a federal court. This is, it seems to us, a classic case for adopting, as the federally prescribed rule of decision, the law that would be applied by state courts in the State in which the federal diversity court sits."); Q Int'l Courier Inc. v. Smoak, 441 F.3d 214, 218 (4th Cir. 2006) (holding that "the law that would be applied by state courts in the [s]tate in which the . . . federal diversity court sits determines the claim-preclusive effect of the judgment rendered in the first action."). "A judgment of a court having jurisdiction of the parties and of the subject matter operates as res judicata, in the absence of fraud or collusion, even if obtained upon a default." Morris v. Jones, 329 U.S. 545, 550–51 (1947). In other words, a default judgment will preclude the same cause of action brought against the same defendant under res judicata, absent fraud or collusion.

Generally, "res judicata must be pleaded to be established, but an exception to the broad rule exists where the matter becomes an issue without objection based upon the lack of pleading." RIM Assocs. v. Blackwell, 597 S.E.2d 152, 159 (S.C. Ct. App. 2004) (internal quotation omitted). While ADT pleaded res judicata as an affirmative defense, ECF No. 11 at 10, Satterfield did not. However, defendants argued the elements of res judicata in this motion.[1] See ECF No. 12 at 2 ("On August 12, 2019, [p]laintiff[s] obtained a judgment against . . . Satterfield on a cause of action for conversion . . .[and]

---

[1] Although defendants did not assert res judicata by name, the elements of res judicata are clearly established by defendants in their partial motion to dismiss. By clearly describing the elements of res judicata and because ADT raised the affirmative defense of res judicata, the court finds that plaintiffs had sufficient notice of Satterfield raising res judicata as a defense to the conversion claim.

[d]espite receiving this judgment, [p]laintiffs have not dismissed Defendant Satterfield from this lawsuit. Rather . . . [p]laintiffs reassert the same conversion claim—under the exact same set of facts—against Satterfield."). Because plaintiffs did not object to this defense in their response to the partial motion to dismiss, the court finds that plaintiffs have waived such objection. Because there has been no claim of fraud or collusion in the Default Judgment and res judicata applies to preclude plaintiffs from bringing the conversion claim against Satterfield again, plaintiffs are barred from bringing the conversion claim against Satterfield absent the Default Judgment being set aside. ECF No. 12 at 2.

Plaintiffs argue that the state court may set aside the Default Judgment under Rule SCRCP 55(c). ECF No. 12 at 2. Plaintiff's reliance on SCRCP Rule 55(c) is misguided because SCRCP Rule 55(c) only permits a party to move to set aside the entry of default, not a default judgment. Sundown Operating Co. v. Intedge Indus., Inc., 681 S.E.2d 885, 888 (S.C. 2009). Once a default judgment has been entered, a party seeking to be relieved must do so under Rule 60(b), SCRCP. Id. "The standard for granting relief from a default judgment under Rule 60(b) is more rigorous than the 'good cause' standard established in Rule 55(c)." Id. Rule 60(b) requires "a more particularized showing of mistake, inadvertence, excusable neglect, surprise, newly discovered evidence, fraud, misrepresentation, or 'other misconduct of an adverse party.'" Id.

The decision whether to set aside an entry of default or a default judgment lies solely within the sound discretion of the trial judge and will not be disturbed on appeal absent a clear showing of an abuse of that discretion. Richardson v. P.V., Inc., 383 S.C. 610, 616, 682 S.E.2d 263, 266 (2009). Not only has Satterfield not moved for the Default

7

Judgment to be set aside, there is nothing in the record to suggest that the standard required to set aside the Default Judgment could be met nor is there anything in the record to show that the state court abused its discretion in granting the Default Judgment. Therefore, the court finds that the defendants have met their burden that plaintiffs have no possibility of succeeding against Satterfield. Accordingly, the court grants the defendants' partial motion to dismiss and dismisses Satterfield from the complaint.

## IV.   CONCLUSION

For the foregoing reasons, the court grants the partial motions to dismiss.

**AND IT IS SO ORDERED.**

**DAVID C. NORTON**
**UNITED STATES DISTRICT JUDGE**

**March 10, 2020**
**Charleston, South Carolina**